FRANCISCO G. GARCÍA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 813. Argued June 23, 1930.—Decided July 30, 1930.

**474**

*Heriberto Torres Solá* for appellant.

Mr. Justice Wolf delivered the opinion of the Court.

Francisco G. García began a suit in the district court to recover $600 etc., secured by a second mortgage. He obtained judgment for an order of sale and to pay him the said amount. The sale was made. García was the purchaser and the marshal executed a deed to him. The defendants in the suit were Joaquina Couvertier y García and the Succession of Serafín de Santiago y García. When the deed of sale was presented to the registrar, he recorded the same as to Joaquina Couvertier y García, presumably the widow of the debtor, and otherwise refused the record.

We agree with the appellant that his action was one to foreclose a mortgage and not a mere personal one to recover money. Hence, the registrar was mistaken when he said a previous attachment was necessary. Indeed we know of no reason why in an action for the recovery of money when a judgment is obtained an attachment is a condition precedent to the execution of judgment. Section 239, Code of Civil Procedure. The registrar held that the property should first be recorded in the name of the Succession.

Differently from the case of *Rodríguez* v. *Registrar of Arecibo,* 33 P.R.R. 786, the case here involved was a mortgage action, and hence, *Zayas* v. *Registrar,* 14 P.R.R. 589, is applicable. We quote from the syllabus:

"The writ issued to the district marshal for the execution of a judgment rendered in an action prosecuted against the heirs of the debtor stating their names, being inserted in the deed in question, is sufficient to establish the fact that such persons are the heirs of the debtor in whose name the registrar states the property conveyed is recorded.

"In accordance with the provisions of the Royal Order of July 22, 1896, which is a part of the Mortgage Law in force in this Island, in cases of judicial sales made for the payment of mortgage credits, it is not necessary that the mortgaged properties be previously recorded in favor of the heirs of the debtor in order that the deed of the judicial sale so made may be recorded."

Likewise we agree with the appellant that in the manner in which the court acquired jurisdiction is not a curable defect. Jurisdiction of a court of record is definitely presumed from the judgment.

The note will be reversed and the record made.

Mr. Justice Texidor took no part in the decision of this case.